```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
------------------------------------------------------------X
In re:                                        CHAPTER 13

    SOPHIA LYNETTE WILLIAMS,                  CASE NO. 08-36229 CGM

                         Debtor.              MEMORANDUM OF LAW
------------------------------------------------------------X
```

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in support of a Motion by Sophia L. Williams, the Chapter 13 debtor herein to continue the Automatic Stay Pursuant to 11 U.S.C. Section 363(c)(3) for all creditors for the duration of this case.

## FACTS

The Court is respectfully referred to the facts as they appear in the accompanying Affidavit of Sophia L. Williams, the Chapter 13 debtor herein. For the sake of brevity, the facts with not be repeated herein.

## ARGUMENT

11 U.S.C. Section 363 offers debtors the opportunity to rebut the presumption of bad faith in the filing of a case within the one year period following the dismissal of a prior case. Section 363(c)(3) provides:

> "(c) Except as provided in subsections (d), (e), (f), and (h) of this section
> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under Chapter 7, 11, or 13 an if a single or joint case of the debtor was pending withing the preceding 1 year period but was dismissed, other than a case refiled under a chapter other than Chapter 7 after dismissal under Section 707(b)-
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> > (B) on the motion of a party in interest for continuation of the automatic stay and

> upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
> (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)-
>> (i) as to all creditors, if-
>>> (I) more than 1 previous case under Chapters 7, 11, and 13 in which the individual was a debtor was pending within the 1-year period;
>>> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1 year period after the debtor failed to-
>>>> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>>>> (bb) provide adequate protection as ordered by the court; or
>>>> (cc) perform the terms of a plan confirmed by the court; or
>>> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under Chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded-
>>>> (aa) if a case under Chapter 7, with a discharge; or
>>>> (bb) if a case under Chapter 11 or 13, with a confirmed plan that will be fully performed; and
>>>>> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor, if, as of the date of dismissal or such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor."

The debtor's previous Chapter 7 case was not dismissed, it was Discharged and an Order of Final Decree was entered. In addition, there exists a change of financial circumstances, the debtor's income has increased substantially since the filing of the prior case. The instant Chapter 13 case was

filed in good faith as the debtor believes she will now be able to make post-petition mortgage payments as well as Chapter 13 Plan payments in order to keep her home.

## **CONCLUSION**

For all of the foregoing reasons, the Motion of the Debtor Pursuant to 11 U.S.C. Section 363 (c)(3) to continue the Automatic Stay for all creditors for the duration of this case should be granted.

Dated: Poughkeepsie, New York
June 6, 2008

     */s/ Lewis D. Wrobel*
LEWIS D. WROBEL, ESQ.
Attorney for Sophia L. Williams
12 Raymond Ave.
Poughkeepsie, NY 12603
845-473-5411
lewiswrobel@verizon.net