| | |
|---|---|
| UNITED STATES BANKRUPTCYCOURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>                                                            :<br>In re.                                               :<br>                                                 :<br>        Sophia Lynette Williams,               :<br>                                                 :<br>                                Debtor.     :<br>                                                 :<br>------------------------------------------------------------X | FOR PUBLICATION<br><br>Chapter 13<br>Case No. 08-36229 (cgm) |

# MEMORANDUM DECISION EXTENDING AUTOMATIC STAY IN THE DEBTOR'S CURRENT BANKRUPTCY CASE

**APPEARANCES**

Lewis Wrobel, Esq.
12 Raymond Avenue
Poughkeepsie, NY 12603
*Counsel for Sophia Lynette Williams*

**CECELIA G. MORRIS, U. S. B. J.:**

       On June 6, 2008, Sophia Lynette Williams ("Debtor") filed a motion seeking an order pursuant to 11 U.S.C. § 362(c)(3)(B) to continue the Automatic Stay as to all creditors beyond the 30th day following the filing of her bankruptcy case ("Motion"). Before the Court is the issue of whether a debtor who files for relief under chapter 13 of the Bankruptcy Code after receiving a discharge in her chapter 7 case the day before is required to file a Motion pursuant Code Section 362(c)(3)(B) to confirm that the Automatic Stay will remain in place during the pendency of her instant case.

## Jurisdiction

       This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1334(a), 28 U.S.C. Section 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert

J. Ward dated July 10, 1984. The instant matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

## Facts

On February 5, 2008 Debtor filed for relief under chapter 7 of the Bankruptcy Code *pro se* ("Chapter 7 Case").[1] On April 2, 2008, HSBC Bank USA ("HSBC"), one of Debtor's creditors, filed a motion under 11 U.S.C. § 362(d)(1) for relief from the automatic stay as to Debtor's property located in Wallkill, New York ("362 Motion"). Debtor did not oppose the 362 Motion and it was granted on April 17, 2008. On June 5, 2008, Debtor received a discharge in her Chapter 7 Case.

Debtor filed the instant chapter 13 case on June 6, 2008. Debtor's proposed chapter 13 plan was also filed on June 6, 2008 ("Plan"). Electronic Case Filing Docket Number ("ECF Doc. No.") 3. Debtor filed the Motion, which included an affidavit in support ("Debtor's Aff."), on the same day. ECF Doc. No. 5, Ex. 2. Debtor explained that since filing her Chapter 7 Case she "obtained new employment" and was now earning "approximately twice the salary" she earned at her prior position. Debtor's Aff. at ¶5.[2] Debtor also stated "[w]hen I filed my [Chapter 7 Case] I did not believe it would be possible to keep my home." Debtor's Aff. at ¶6. Debtor further explained she now earns a higher income and she "feel[s] confident" that she can pay both her post-petition mortgage payments and Plan payments on an ongoing basis so that she may keep her home. Debtor's Aff. at ¶7. Debtor's petition lists only two debts, a first and second mortgage owned by HSBC. ECF Doc. 1, Sched. D. According to the Plan, Debtor intends to pay $1,000 per month for sixty-months towards the repayment of her debts.

---

[1] The case number for the Chapter 7 Case is 08-35195.
[2] Debtor's B22C form (Statement of Current Monthly Income) indicates she earns $5,985.55 per month for an annual salary of $71,826.60. ECF Doc. No. 2. According to Debtor's petition, she earned $55,984 in 2007 and $58,941 in 2006. ECF Doc. 1, B7.

2

On June 27, 2008 the Court held a hearing on Debtor's Motion ("<u>Hearing</u>").  The Motion was not opposed.  At the conclusion of the Hearing, the Court found there was sufficient evidence rebutting the presumption that the Debtor had filed the instance matter "not in good faith" and granted the Motion.  On the same day, the Court issued an Order extending the Automatic Stay. ECF Doc. No. 11.

## Discussion

Bankruptcy Code Section 362(a) provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of" various acts ("<u>Automatic Stay</u>"). 11 U.S.C. § 362(a).  Section 362(c) sets forth the duration of the Automatic Stay.  Generally the Automatic Stay continues to stay "an act against property of the estate" until such property is no longer property of the estate. 11 U.S.C. § 362(c)(1).  All other acts are stayed until the time the case is closed or dismissed, or discharge is granted or denied, whichever is earlier. 11 U.S.C. § 362(c)(2).  Section 362(c)(3) limits the duration of the Automatic Stay to the first thirty days after the filing of a debtor's second case under title 11 and states, in relevant part,

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor <u>was pending within the preceding 1-year period but was dismissed</u>, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)[.]

11 U.S.C. § 362 (2008) (emphasis added).

The language of Section 362(c)(3) is not ambiguous. *Cf. In re Holcomb*, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008) citing *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.,* 469 U.S. 189, 194 (1985) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.")  Code Section 362(c)(3) explicitly refers to cases filed under chapter 7, 11 or 13 that were "pending within the preceding 1-year period but" were dismissed.  "Dismissal of a title 11

3

case is provided for under each of the different operative chapters of the Code[.]" Alan N. Resnick and Henry J. Sommer, COLLIER ON BANKRUPTCY ¶349.01[3] (15th ed. 2008).  For example, Code Section 349 (Effect of dismissal) "sets forth the effect of the dismissal of a case under title 11." *Id.* at ¶349.01[3][1].  And, Code Section 707 (Dismissal of a [liquidation] case) "specifies that the court may dismiss a liquidation case only after notice and a hearing and only for cause[.]" *Id.* at ¶349.01[3][a].  In contrast, discharge is governed under Code Section 727 which "provides that the court must grant a discharge to a chapter 7 debtor unless one or more of the specific grounds for denial … are proven to exist." *Id.* at ¶727.01[1].

      Clearly, the terms "dismissal" and "discharge" are treated differently within the Bankruptcy Code and are not referred to interchangeably.  Based upon the language of this section, Congress clearly intended to limit the applicability of Code Section 362(c)(3) to chapter 7 debtors whose cases were dismissed within the preceding 1-year period.  The Court finds Code Section 362(c)(3)(A) will not terminate the Automatic Stay in Debtor's case because she received a discharge in her prior chapter 7 case. *In re Lovelace*, 2007 WL 187733 at *1 (Bankr. W.D. Mo. Jan. 16, 2007) ("By its terms, § 362(c)(3)(B) is only applicable if the case which was pending during the 1-year period prior to the filing of the current case was dismissed.")  Therefore Debtor was not required to file a motion pursuant to Section 362(c)(3)(B) because the Automatic Stay provided would have continued past "the 30th day after the filing" of her current case pending further action before this Court. 11 U.S.C. § 362(c)(3)(A).

      However, Debtor filed a motion under Code Section 362(c)(3)(B).  Under this section, a party in interest (here the Debtor) must demonstrate, after notice and hearing, that the filing of the instant action is in "good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B). Section 362(c)(3)(C) states "for purposes of subparagraph (B), a case is presumptively filed not

4

in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)"and identifies two broad categories of potential creditors to which a debtor must rebut this presumption. 11 U.S.C. § 362(c)(3)(C). In subsection (C)(i) the debtor must rebut the presumption that her case was "filed not in good faith" as to all of her creditors, if

> (I) <u>more than 1</u> previous case under … [chapters 7, 11, or 13] in which the individual was a debtor was <u>pending</u> within the preceding 1-year period;
>
> (II) <u>a previous case</u> under …[chapters 7, 11 or 13] in which the individual was a debtor was <u>dismissed</u> within such 1-year period, after the debtor failed to [file documents, provide adequate protection as ordered by the court, perform the terms of a plan confirmed by the court,] or
>
> (III) there has <u>not been a substantial change</u> in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11 or 13 or any other reason to conclude that the later case will be concluded [if a case under chapter 7 with a discharge, if under chapter 11 or 13 with a confirmed plan that will be fully performed.]

11 U.S.C. §362(c)(3)(C)(i)(emphasis added). The Court finds subsection (I) does not apply to this Debtor because she does not have "more than 1" case "pending within the preceding 1-year period." The Court finds subsection (II) also does not apply since Debtor received a discharge in her previous case. Finally, the Court finds Debtor has demonstrated a substantial change in her personal and financial affairs which fulfills her evidentiary burden under subsection (III). Moreover, Debtor provided this Court with a proposed Plan that appears confirmable. And, Debtor appears to have the means and intention to make her mortgage payments to HSBC while still making Plan payments.

Subsection (ii) of Code Section 362(c)(3)(C) states Debtor must rebut "by clear and convincing evidence" that her instant case was "not filed in good faith" as to "any creditor that commenced an action under subsection (d) in a previous case … if as of the date of dismissal of such case, the action was pending or had been resolved by termination, conditioning, or limited

5

the stay as to actions of such creditor[.]" 11 U.S.C. § 362(c)(3)(C)(ii).  In the current matter, HSBC was granted relief from the automatic stay in Debtor's chapter 7 Case.  Therefore, Debtor must prove to the Court that the instance case was "filed in good faith" as to HSBC.

Debtor has only one creditor in this matter, HSBC.  Debtor proposes to pay $60,000 over the course of her five-year plan.  Debtor stated that she intends pay her post-petition mortgage payments as they become due and it appears from her Form 22C that she has sufficient income to do so.  And, at the Hearing, Debtor's counsel stated the Plan was sufficient to pay the pre-petition arrears owed to HSBC.  The Court finds Debtor's statements creditable and her proposed plan plausible.  The Court finds Debtor has overcome the presumption that the instant case was filed "not in good faith" as to HSBC under subsection (C)(ii).  Therefore, the Automatic Stay is hereby extended for the pendency of this matter. *In re Warneck,* 336 B.R. 181, 182 (Bankr. S.D.N.Y. 2006) ("Where no presumption of bad faith arises, and where no party objects, a request to extend the automatic stay should be liberally granted.").

## Conclusion

For the foregoing reasons, the Court entered an order on June 27, 2008 confirming that the Automatic Stay is in effect during the pendency of this matter.

Dated: Poughkeepsie, New York          /s/ Cecelia Morris
      July 14, 2008                              _____
                                         Cecelia Morris
                                         United States Bankruptcy Judge